NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1159

COMMONWEALTH

vs.

MANUEL BURGOS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant was convicted of carrying a loaded firearm without a license, discharge of a firearm within 500 feet of a building and carrying a firearm without a license.[1]  The defendant now appeals from the judgments and contends that the failure of the trial judge to instruct the jury that the Commonwealth had the burden of proving the defendant's lack of firearm licensure was reversible error.  He additionally argues that his counsel's failure to object to the detective's testimony that the

---

[1] The jury also found the defendant guilty on a charge of possession of ammunition without a firearm identification card, but at the Commonwealth's request, and with the defendant's consent, that charge was dismissed prior to sentencing.

defendant did not have a firearms license created a substantial risk of a miscarriage of justice.[2]  We vacate the judgments on the charges of carrying a loaded firearm without a license and carrying a firearm without a license.[3]

Background.  We recite the facts in the "light most favorable to the Commonwealth," Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), reserving certain details for later discussion.

On August 20, 2022, Lawrence police officers received reports of shots being fired in the Melrose Court area.  A Lawrence detective viewed video footage of the area and saw a person later identified as the defendant have an altercation with a group of people on dirt bikes.  At one point, the defendant grabbed a dirt bike "off one of the guys," and when someone attempted to grab it back, the defendant raised his waistband in an action that was consistent with someone reaching

_____

[2] Because we vacate these judgments on the jury instruction issue, we need not reach the defendant's additional argument asserting error in the detective's testimony regarding the defendant's failure to have a firearm license because it lacked a proper foundation.  See Commonwealth v. Santos, 460 Mass. 128, 138 n.12 (2011) ("We need not reach the [remaining] issue because we reverse the convictions on the evidentiary error").

[3] The defendant conceded at oral argument his arguments regarding licensure have no bearing on the discharging of a firearm charge.  We agree, and therefore we affirm the judgment on the charge of discharging a firearm within 500 feet of a building.

for a firearm.  In this same area, officers located spent shell casings, including a nine millimeter casing in one location, and three nine millimeter casings on an adjacent street.

A few days later, the defendant was taken to the police station and interrogated.  The defendant told the police he had a fake gun.  However, at a later point in the interview, the defendant admitted to shooting a gun.  The defendant claimed that during the altercation, he disarmed somebody, fired their gun, and then dropped the weapon and ran when the group started firing back.

The defendant was charged with carrying a loaded firearm without a license, G. L. c. 269, § 10 (n); discharging a firearm within 500 feet of a building, G. L. c. 269, § 12E; possession of ammunition without a firearm identification card, G. L. c. 269, § 10 (h) (1); selling, using, or possessing a firearm silencer, G. L. c. 269, § 10A; and carrying a firearm without a license, G. L. c. 269, § 10 (a).[4]

Discussion.  On appeal, the defendant argues that the jury instructions were erroneous because they did not inform the jury

---

[4] Prior to trial, the selling, using, or possessing a firearm silencer, G. L. c. 269, § 10A, charge was dismissed at the request of the Commonwealth. As noted supra, the possession of ammunition without a firearm identification card, G. L. c. 269, § 10 (h) (1), charge was dismissed at the request of the Commonwealth after the guilty verdict was returned but before sentencing.

that the Commonwealth must prove that the defendant lacked a valid license to possess a firearm.  Following the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, 8-14, 31-34 (2022), the Supreme Judicial Court determined that the "absence of a license is an essential element of the offense of unlawful possession of a firearm," and a judge must instruct jurors that the Commonwealth bears the burden of proving that a defendant lacked the requisite license. Commonwealth v. Guardado, 491 Mass. 666, 690-693 (2023) (Guardado), S.C., 493 Mass. 1 (2023), cert. denied, 144 S. Ct. 2683 (2024).[5]

Without the benefit of the Supreme Judicial Court's guidance in Guardado on the proper application of Bruen to Massachusetts cases, the judge did not instruct the jury that the Commonwealth must prove beyond a reasonable doubt that the defendant did not have a license to carry a firearm.  Defense counsel did not object, and therefore we must determine whether the error was harmless beyond a reasonable doubt.  See Commonwealth v. Bookman, 492 Mass. 396, 401 (2023), quoting Commonwealth v. D'Agostino, 421 Mass. 281, 287 (1995) (because

---

[5] These decisions apply to this case because the defendant's appeal (filed on March 7, 2023) was pending when Guardado was decided (April 13, 2023).

4

clairvoyance exception applies, "[t]he remaining question is whether the error was harmless beyond a reasonable doubt").

In Bookman, a police officer testified that the defendant did not have a license for a firearm; the defendant did not dispute this testimony, and the officer's credibility was not in question. The Supreme Judicial Court held that the judge's failure to instruct the jury on licensure was harmless beyond a reasonable doubt. Bookman, 492 Mass. at 401. In this case, like in Bookman, the Commonwealth presented evidence that the defendant did not have a license to carry a firearm. The evidence on this point was uncontested as defense counsel withdrew his objection as to the scope of the detective's redirect testimony that "I did confirm that [the defendant] does not have [an FID card]," and "does not" have a license to carry.

The defendant claims that this case is distinguishable from Bookman, because the defendant here challenged the detective's credibility. The defendant testified on his own behalf and claimed that there was more to his interrogation and statements than was presented by the Commonwealth and the detective. He specifically claimed that the video presented at trial omitted twenty minutes of the interrogation because the detective would stop and start the recording of the interrogation, stopping it when the defendant said something damaging to the officers.

5

After a thorough review of the record, it is clear that the defendant challenged the detective's credibility by testifying that the detective did not give a complete and accurate portrayal of the defendant's statement by starting and stopping the recording of the interview.  Whether the defendant's testimony did any appreciable damage to the detective's credibility is not significant to the Bookman analysis.  Notably, in Bookman, 492 Mass. at 401, the court simply explained, "There is nothing in the record to suggest that . . . the officer's credibility was in question."  Thus, unlike Bookman, the officer's credibility was in question and

therefore, we cannot conclude that the omission of the instruction was harmless beyond a reasonable doubt.  See Bookman, 492 Mass. at 401.

Conclusion.  The judgment on the charge of discharging a firearm within 500 feet of a building is affirmed.  On the charges of carrying a loaded firearm without a license and carrying a firearm without a license, the judgments are vacated and the verdicts are set aside.[6]

So ordered.

By the Court (Rubin, D'Angelo & Smyth, JJ.[7]),

Paul Little

Clerk

Entered:  January 22, 2025.

---

[6] The Commonwealth may retry the defendant on these charges if it so chooses.

[7] The panelists are listed in order of seniority.

7